JAHAN C. SAGAFI (SBN 224887)
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
Email: jsagafi@outtengolden.com

STUART J. MILLER (SJM 4276)
**LANKENAU & MILLER, LLP**
100 Nassau Street, 8th FL
New York, NY 10007
Telephone: (212) 581-5005
Email: stuart@lankmill.com

MARY E. OLSEN (OLSEM4818)
M. VANCE MCCRARY (MCCRM4402)
**THE GARDNER FIRM, P.C.**
182 St. Francis Street, Suite 103
Mobile, AL 36602
Telephone: (251) 433-8100
Facsimile: (251) 433-8181
Email: molsen@thegardnerfirm.com

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

SABRINA OHANIAN, HENRY SMITH, and MARICELA GUERRERO SANTO on behalf of themselves and on behalf of all other persons similarly situated,

Plaintiffs,

v.

AMPLE ENERGY, INC.,

Defendant.

Case No.: 25-CV-7823

**CLASS ACTION COMPLAINT [VIOLATION OF WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT, 29 U.S.C. §§ 2101 – 2109 AND CALIFORNIA LABOR CODE §§ 1400 ET SEQ.**

**DEMAND FOR JURY TRIAL**

Sabrina Ohanian, Henry Smith, and Maricela Guerrero Santo (the "Plaintiffs") on behalf of themselves and a class of those similarly situated, by way of their Complaint against Ample Energy, Inc. (hereinafter referred to as "Defendant") by and through their counsel, alleges as follows:

**NATURE OF THE ACTION**

1. The Plaintiffs bring this action on behalf of themselves, and on behalf of other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as the result of, mass layoffs or plant closings ordered by Defendant on or about September 10, 2025 and within thirty (30) days of that date, or thereafter and who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment Retraining Notification Act ("Federal WARN Act"), 29 U.S.C. § 2101 et seq., and the California Labor Code § 1400 et seq. ("California WARN Act")(collectively, the "WARN Acts").

2. Plaintiffs and the class of similarly situated employees they seek to represent were terminated as part of, or as a result of, the shutdown or mass layoff ordered by the Defendant. As such, the Defendant violated the WARN Acts by failing to give the Plaintiff and the class of similarly situated employees they seek to represent at least 60 days' advance written notice of termination, as required by the WARN Acts. As a consequence, the Plaintiffs and other similarly situated employees are entitled under the WARN Acts to recover from the Defendant 60 days' wages and ERISA benefits, none of which has been paid.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 29 U.S.C. § 2104 (a)(5).

4. The violation of the WARN Acts alleged herein occurred in this District and more particularly in San Francisco, CA. Venue in this Court is proper pursuant to 28 U.S.C §2104 (a)(5).

## DIVISIONAL ASSIGNMENT

5. Assignment in this Division is proper pursuant to Civil L.R. 3-2(c) because a substantial part of the events giving rise to this matter's claims occurred in this Division. Specifically, all of the Facilities were located in this Division (San Francisco).

## THE PARTIES

6. Upon information and belief, at all relevant times, Defendant was a California corporation which maintained Facilities at 100 Hooper St Suite 25, San Francisco, CA 94107 (the "Hooper Facility"); 245 S Spruce Ave Ste 200 South San Francisco, CA 94080 (the "Spruce Facility"); 15 Tubbs Street San Francisco, CA 94107, (the "Tubbs Facility"); 91-99 Park Ln, Brisbane, CA 94005 (the "Brisbane Facility" and collectively with the Hooper, Spruce and Tubbs Facilities, the "Facilities")

7. Plaintiffs and the other similarly situated employees were employed by Defendant and reported the Hooper Facility until their terminations, which occurred on or about September 10, 2025, or within thirty days of that date or thereafter.

8. On or about September 10, 2025, or within thirty days of that date, Defendant ordered the termination, without cause of Plaintiffs and approximately 200 other similarly situated employees at the Facilities without providing Plaintiffs and the Proposed Class with advance written notice as required by the WARN Acts.

## THE CLAIM FOR RELIEF PURSUANT TO 29 U.S.C. § 2104 AND CALIFORNIA LABOR CODE § 1404

9. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 7 above, as if set forth in their entirety.

10. The Plaintiffs bring this action on their own behalf and, pursuant to the WARN Acts, and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendant who were terminated on or about September 10,

2025, within thirty days of that date and thereafter who worked at the Facilities until their termination (the "Proposed Class").

11. Each of the Proposed Class members are similarly situated to the Plaintiffs in respect to his or her rights under the WARN Acts.

12. The Plaintiffs and the Proposed Class members were discharged by Defendant, without cause on his or her part.

13. Defendant was required by the WARN Acts to give the Plaintiffs and each of the Proposed Class members at least sixty (60) days prior written notice of their respective terminations.

14. Prior to their terminations, neither the Plaintiffs nor the Proposed Class members received any written notice that complied with the requirements of the WARN Acts.

15. At all relevant times, the Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by 20 U.S.C. § 2101 of the Federal WARN Act and its California counterpart, CAL WARN Act §§ 1400 et seq. and employed more than 50 employees at each Facility.

16. At all relevant times, the Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of the Federal WARN Act and 20 C.F.R. § 639.3(a) and the California WARN Act §§ 1400 et. seq.

17. At all times relevant herein, Plaintiffs and the Proposed Class were "employees" of Defendant as defined by 29 U.S.C. § 2101 of the Federal WARN Act and the California WARN Act §§ 1400 et seq.

18. On or about September 10, 2025, the Defendant ordered a "mass layoff" or "plant closing" as those terms are defined by 29 U.S.C. § 2101(a)(2) and (3) and the California WARN Act, by ordering the termination of the employment of Plaintiffs and approximately 200

Proposed Class members who worked at the Facilities (the "Aggrieved Employees").

19. Defendant's actions at each Facility resulted in an "employment loss" for at least thirty-three percent of its employees, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

20. Defendant's permanent termination of the Aggrieved Employees constituted a "mass layoff" or "plant closing" as defined by 29 U.S.C. § 2101 of the Federal WARN Act and the California WARN Act §§ 1400 et seq.

21. Plaintiffs and the Proposed Class are "affected employees" as defined by 29 U.S.C. § 2101 of the Federal WARN Act and California WARN Act §§ 1400 et seq.

22. Pursuant to Section 2102 of the Federal WARN Act and California WARN Act §§ 1400 et seq., Defendant was required to provide Plaintiffs and the Proposed Class at least 60 days prior written notice of their terminations.

23. Defendant failed to give at least sixty (60) days prior written notice to Plaintiffs and the Proposed Class members of their terminations, in violation of the WARN Acts.

24. The Defendant failed to pay the Aggrieved Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

25. As a result of Defendant's failure to pay the wages, benefits and other monies, the Aggrieved Employees were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

**CLASS ACTION ALLEGATIONS— FEDERAL RULES OF CIVIL PROCEDURE 23 (a) AND (b)**

26. The Plaintiffs assert this claim on behalf of themselves and the Proposed Class pursuant to Rule 23 (a) and (b) (3) of the Federal Rules of Civil Procedure.

27. The Plaintiffs assert this claim on behalf of themselves and the Proposed Class pursuant to Rule 23 (a) and (b) (3) of the Federal Rules of Civil Procedure.

28. The Plaintiffs and the Proposed Class constitute a class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

29. The Proposed Class is so numerous as to render joinder of all members impracticable as there are approximately 200 persons who are included in the Proposed Class.

30. Common questions of law and fact are applicable to all members of the Proposed Class.

31. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendant committed or failed to commit as to all members of the Proposed Class: all Proposed Class members enjoyed the protection of the WARN Acts; all Proposed Class members were employees of Defendant who, prior to the terminations, worked at the Facilities; Defendant terminated the employment of all the members of the Proposed Class without cause on their part and without giving them at least sixty (60) days' prior written notice as required by the WARN Acts; and Defendant failed to pay the Proposed Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

32. The questions of law and fact common to the members of the Proposed Class, as above noted, predominate over any questions affecting only individual members, and thus, this class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

33. The Plaintiffs' claims are typical of the claims of other members of the

Proposed Class in that for each of the several acts described above, the Plaintiffs are or were injured parties.

34. The Plaintiffs will fairly and adequately protect and represent the interests of the Proposed Class.

35. The Plaintiffs have the time and resources to prosecute this action and have retained counsel who have experience in matters involving employee rights, the WARN Acts and class action litigation.

36. The Proposed Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

37. The Proposed Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Proposed Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38. No Proposed Class member has an interest in individually controlling the prosecution of a separate action under the WARN Acts.

39. No litigation concerning the WARN Acts rights of any Proposed Class member has been commenced by any other employees than Plaintiffs.

40. Concentrating all the potential litigation concerning the WARN Acts rights of the Proposed Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the rights of all the Proposed Class members under the WARN Acts.

41. On information and belief, the identity of the Proposed Class members is contained in the books and records of Defendant.

42. On information and belief, a recent residence address of each of the Proposed Class members is contained in the books and records of Defendant.

43. On information and belief, the rate of pay and benefits that was being paid by Defendant to each Proposed Class member at the time of his/her termination is contained in the books and records of Defendant.

44. As a result of Defendant's violation of the WARN Acts, the Plaintiffs and the other members of the Proposed Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401 (k) contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendant as follows:

a. An amount equal to the sum of all of the Aggrieved Employees': unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401 (k) contributions and other ERISA benefits, for sixty (60) days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A) and the California WARN Act §§ 1400 et seq.

b. Certification that the Plaintiffs and the Proposed Class members constitute a single class;

c. Appointment of the undersigned attorneys as Class Counsel;

d. Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation to each for their services as such;

e. Interest as allowed by law on the amounts owed under the preceding paragraphs;

f. The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Acts, 29 U.S.C. §2104(a)(6) and CAL WARN Act §§ 1400 et seq.

g. Such other and further relief as this Court may deem just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Date: September 12, 2025

BY: ______________________________

JAHAN C. SAGAFI
**OUTTEN & GOLDEN LLP**
One California Street, 12th Fl
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
Email: jsagafi@outtengolden.co

STUART J. MILLER
**LANKENAU & MILLER, LLP**
100 Nassau Street, 8th FL
New York, NY 10007
Telephone: (212) 581-5005
Email: stuart@lankmill.com

MARY E. OLSEN
M. VANCE MCCRARY
**THE GARDNER FIRM, P.C.**
182 St. Francis Street, Suite 103
Mobile, AL 36602
Telephone: (251) 433-8100
Facsimile: (251) 433-8181
Email: molsen@thegardnerfirm.com

*Attorneys for Plaintiffs and the Proposed Class*